[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Mary Carol Nycek and the defendant were married in Branford, Connecticut on November 23, 1991, and they have resided continuously in Connecticut since that date. There is one minor child of the marriage Katlyn Lago, born on October 19, 1992. The plaintiff is a recipient of state assistance
The plaintiff is in reasonably good health. The defendant has been treated and hospitalized in the past year and a half for CT Page 8154 emotional and psychiatric problems and is still under treatment. Despite these problems the defendant was able to maintain full time employment until being terminated on August 22, 1996 because of poor attendance. He has recently started looking for work but at the present time he is unemployed. The defendant has a demonstrated earning capacity of $675.00 per week with a net weekly income of approximately $343.00. The plaintiff has a part time job, earning less than the amount she is receiving by way of state assistance.
This marriage, which has broken down irretrievably, has been marked by a pattern of physical and mental abuse by the defendant directed at the plaintiff which has gradually increased. The defendant voluntarily left the family home in July, 1995 and since that time the parties have been involved in controversy, primarily concerning visitation by the defendant with the minor child. When the defendant left the plaintiff, she was without financial resources to support herself and Katlyn, and applied for, and received, state assistance. Eventually the parties entered into an agreement which included that the defendant was to pay $50.00 per week support, have certain visitation, as well as other related matters. This agreement was approved and ordered by this court on August 3, 1995. The defendant's aberrational behavior has escalated over the past year, resulting in further restrictions on his visitation rights. The last order of this court provide that the defendant should have limited visitation, which was to be supervised, unless the defendant could demonstrate that he was in compliance with whatever course of treatment was the being recommended by his doctor or doctors. The defendant has refused to sign the necessary medical releases which would allow a representative from the Family Service Unit to examine his medical records. The court is not satisfied at this time that the defendant is following a prescribed course of medical treatment, and the court had concerns for the welfare of Katlyn should the defendant be given unsupervised visitation rights.
During oral argument the defendant asked that his 401-K plan be released to him because "that is his pension benefits." The court heard no evidence with respect to a 401-K plan owned by the plaintiff. The court also notes that the financial affidavit filed by the defendant on August 3, 1995 states "none" in answer to whether he then had any deferred compensation plan, including any 401-K plan. Assuming that the affidavit is correct as of that date, if there is now in existence a 401-K plan, it would appear CT Page 8155 to be of very little value.
After considering all of the evidence and all of the factors listed in Conn. Gen. Stat. § 47B-81, the court makes the following findings and enters the following orders:
1. A decree dissolving the marriage shall enter.
2. The court finds that the defendant is in arrearage of $1,950.00 with respect to the order entered on August 3, 1995 and he is ordered to pay $17.40 per week on that arrearage to the State. In the event that the defendant supplies proof to counsel for the State that the arrearage is less than $1,950.00 this finding on arrearage may be modified. The order with respect to the payments on arrearage is suspended until December 2, 1996.
3. The defendant shall pay child support for Katlyn to the State in the amount of $87.00 per week. This order is suspended until December 2, 1996.
4. Sole custody of Katlyn is awarded to the plaintiff.
5. The defendant shall have supervised visitation at Southern Connecticut State University for two hours one day per week. The day of the week and time of the day of the visitation shall be determined by the Family Services Unit of the Family Division of the Superior Court, New Haven Judicial District, after consultation with representatives of Southern Connecticut State University taking into consideration the age of Katlyn and the respective work schedules of the plaintiff and the defendant. This visitation order shall remain in effect until October 1, 1997 unless modified earlier by the court.
6. The defendant shall be allowed to telephone the plaintiff's home each Tuesday and Thursday between 6:00 P.M. and 7:00 P.M. to speak to Katlyn for such reasonable length of time as the plaintiff deems appropriate.
7. The defendant is ordered to pay $1.00 per year alimony to the plaintiff.
8. The real property known as Unit No. 7, 190 Wooster Street is awarded to the plaintiff and is subject to no claims by the defendant. CT Page 8156
9. Each of the parties is solely responsible for the debts listed on his and her last filed financial affidavits and they shall each hold the other harmless for said debts.
10. The financial orders concerning support and support arrearage shall be secured by an immediate wage withholding to go into effect upon the defendant finding employment.
11. Each of the parties shall provide health insurance, as it is available through their respective employers, for the benefit of Katlyn, and they shall share equally in all unreimbursed medical expenses for Katlyn. The provisions of Conn. Gen. Stat. § 46B-84(d) are incorporated by reference into this paragraph.
12. The defendant is ordered to name or maintain the plaintiff as an irrevocable beneficiary of any 401-K plan which he has for as long as he is ordered to pay child support.
13. The defendant is ordered to name or maintain the plaintiff as an irrevocable beneficiary of any life insurance available to him through his place of employment for so long as he is ordered to pay child support.
14. The defendant is awarded the following items of personal property still located in the plaintiff's apartment: silverware, one twin bed, three sets of colored bowls, ski equipment and ironing board.
15. The defendant shall retain his sole ownership of the 1989 Mitsubishi automobile.
William L. Hadden, Jr. Judge Trial Referee